Barnard, P. J.
It is not disputed, but that the clothes in question were ordered by the defendant to be made for him by the plaintiff. Both parties agree to this, but the parties vary as to the agreed price, and as to the time of the completion of the suit. The plaintiff put the agreed price at $22.50 and states that there was nothing said as to any need of the goods by a certain date.
In both respects the plaintiff is supported by his son, who was present at the contract and upon appeal the find-, ing will not be questioned, which is in favor of the probabilities of the case and supported by the most witnesses. ,
The suit of clothes was ordered on a Wednesday in October, 1886. The defendant testifies that they were to be finished in a week from the next Tuesday. That on the Saturday after the order he had to go to a funeral and was' compelled to buy a suit of clothes for the occasion. This, is probably the reason of the refusal to accept, especially, in view of the testimony of plaintiff and his son that the goods were ordered on the 18th of October, 1886, and were, finished on the 21st of October, 1886. The defendant did not call for them and on the twenty-eighth they were tendered and refused. Upon a failure of a vendee to receive the goods the vendor may elect to tender the same and sue for the contract-price, or retain the property and recover the difference between the market value and the contract-price. Bridgeford v. Crocker, 60 N. Y., 627.
It was a proper election in view of the unmarketable value of a suit of clothes made to order and his election gives the goods to defendant when he pays for them.
Judgment affirmed, with costs.
Pratt, J., concurs.